# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLER LEGAL, LLP, d/b/a **BANNER LEGAL**, a District of Columbia Limited Liability Partnership, 700 12th Street NW Suite 700, Washington , DC 20005 | |
| Plaintiff, | |
| v. | Civil Action No. |
| **PETER MILLER**,  a resident of the State of California, 325 S Sierra Ave. #29 Solana Beach, CA 92075 | |
| and | DEMAND FOR JURY TRIAL |
| **MILLER DELLAFERA, PLC**, a Virginia Professional Limited Liability Company, PMB 404, 3420 Pump Road, Henrico, VA 23233-1111 | |
| and | |
| **ARX Management, LLC**, Derek Brown CEO, 1730 East Holly Avenue El Segundo, CA 90245 | |
| Defendants. | |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Miller Legal, LLP, d/b/a Banner Legal ("Banner" or "Plaintiff"), brings this action and the related Motion for Temporary Restraining Order and Preliminary Injunction against Peter Miller ("Miller") and his law firm, Miller Dellafera, PLC ("Miller Dellafera") and alleges as follows:

**1**

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action in the alternative to (a) enjoin the Defendants from illegally receiving money for "Roundup" cases received from the Settlement Administrator and then refusing to pay said funds over to the Plaintiff in accordance with Settlement of United States District Court case, District of Columbia, 1:05-cv-01209-PLF.

## THE PARTIES

2.      Miller Legal, LLP, d/b/a/ Banner Legal ("Banner"), is a District of Columbia limited liability partnership with a business address at 700 12th St NW Suite 700, Washington, DC 20005. Banner is a citizen of the District of Columbia.

3.      Defendant, Peter Miller, is an attorney licensed by the Commonwealth of Virginia. His business address is PMB 404, 3420 Pump Road, Henrico, VA 23233-1111. Miller is a citizen of the State of California with a residential address at 325 S Sierra Ave. #29, Solana Beach, CA 92075. Miller is not licensed to practice law in the District of Columbia as he never attended law school.

4.      Defendant, Miller Dellafera PLC, is a Virginia professional limited liability company with a business address at PMB 404, 3420 Pump Road, Henrico, VA 23233-1111. Miller Dellafera is a resident of Virginia. Unless otherwise specified, the Defendants will be collectively called "Miller".

5.      Defendant ARX Management, LLC ("ARX"), whose CEO is Derek Brown, is the Settlement Administrator for certain Roundup cases, and responsible for disbursing the proceeds of that litigation. The address is 1730 East Holly Avenue El Segundo, CA 90245.

2

## JURISDICTION AND VENUE

6.      This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Parties, and the amount in controversy in this action exceeds $75,000.00, exclusive of interests and costs. The Parties also stipulated to jurisdiction in this Court and litigated their prior dispute here.

7.      The Court has personal jurisdiction over Defendants because this action arises from Defendants' (1) transaction of business in the District of Columbia; (2) actions causing tortious injury in the District of Columbia; and/or (3) derivation of substantial revenue from services rendered in the District of Columbia, (4) the Parties stipulated to said jurisdiction for any dispute arising from the settlement of a prior action in this jurisdiction.

8.      Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to claims herein occurred within this district. Further, the parties agreed to submit to the jurisdiction of this Court for any disputes arising from their business agreements.

## FACTUAL BACKGROUND

9.      Starting in February 2018, Jeremy Shafer ("Shafer"), partner in Banner along with Cary McDonald ("McDonald") and an attorney who is licensed to practice law in Washington, DC, began meetings with Miller to discuss the debts that Miller owed to Banner, as well as to McDonald personally.

3

10.     For the three years prior to the filing of Case 1:18-cv-01007, Cary McDonald had funded Banner as well as made loans to Miller for use by Miller Dellafera. 1

11.     Throughout the relevant time prior to settlement, Miller had been a non-lawyer partner in Banner and the owner of his law firm, Miller Dellafera.2

12.     Throughout the relevant time, Miller had never entered his appearance as counsel for a client on behalf of Banner. Rather, he had only entered his appearance as counsel for clients under Miller Dellafera.

13.     Despite multiple meetings between Shafer and Miller in February and March 2018, the parties were unable to come to an agreement. The dispute involved generally a settlement of interests in various categories of litigation that had been handled among the parties, and the disposition of any fees earned in said lawsuits.

14.     After extensive pursuit of case 1:18-cv-01007, the parties conducted a lengthy in-person meeting and arrived at a "settlement agreement" (hereinafter the "Settlement"). The Settlement contains a confidentiality provision through which both parties agree not to generally disclose its terms, except to certain professionals and in response to valid Court process3.

15.     Under a relevant term of that settlement agreement, Banner was to receive 20% "off the top" of the settlement payments made in the Roundup cases to Miller up to a total of $500,000.00, plus an additional $20,000 for a total of $520,000.

---

[1] McDonald, a non-lawyer, is allowed to be a member of Banner pursuant to Rule 5.4 of the District of Columbia's Rules of Professional Conduct.
[2] Although Miller is an attorney, he was a non-lawyer partner in Banner because he is not licensed to practice law in the District of Columbia. *See infr* ¶ 39
[3] Banner will seek to file the Entire Agreement under seal, to preserve its confidentiality, and will reference only that portion of the Settlement in this Complaint as is required to support the required relief.

16.     Recently, Banner has been informed and therefore believes that the Miller Defendants have in fact received very substantial sums consisting of legal fees from the Roundup payments, that substantially more than 15 days have passed as required by the agreement (basically for checks to clear) and nevertheless, despite repeated demand, the Miller Defendants refuse to make payments to the Plaintiff as required by their agreement and in violation of the D.C. Cannons of Ethics as set forth herein.

17.     Upon information and belief, the Plaintiff has been informed that the Defendant Miller has paid money out of his firm and paid it back to lenders with whom he has leveraged his firm, instead of making payments to the Plaintiff, as well as making significant payments for the personal acquisition of non-firm assets by Defendant Peter Miller, and in fraud of his firm's creditors.

18.     Upon further information and belief, the Plaintiff asserts that Miller has taken money and purchased substantial real estate and may in fact have been transferring money to foreign jurisdictions for the purpose of ensuring that his creditors did not receive payments, particularly the Plaintiff.

19.     At all times relevant hereto, in discussions with Miller, Miller has insisted that he would honor the settlement agreement but when the time came to so honor the agreement, he has instead repudiated it and taken the money for his own personal benefit in violation of his duties to the Plaintiff.

20.     The Defendants are "highly leveraged" and in substantial danger of suffering financial embarrassment in being unable to pay their bills as they come due.

5

21.     Plaintiff Banner is a small business and the illegal retention of the $520,000 of funds owed by the Defendants will cause substantial financial harm to the Plaintiff, which requires the payments due to fund its continuing operations and administer the hundreds of cases it is currently handling for numerous Clients who have suffered personal injuries.

22.     Plaintiff has requested of ARX, the Roundup "settlement administrator", that it be paid directly and has asserted an "attorney's lien" on the proceeds, but ARX has refused and neglected to honor the Plaintiff's demand, instead directing the Plaintiff to collect from the Miller Defendants.

23.     Plaintiff has demanded both payment of the funds due and an accounting of the funds by the Miller Defendants, who have refused to provide same in violation of the Washington D.C. Rules of Professional Conduct, section 1.15 of which provides that:

(c) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property, subject to Rule 1.6.

## COUNT I
## BREACH OF CONTRACT

24.     Plaintiff incorporates by reference all of the preceding paragraphs as if set forth fully herein.

25.     The Settlement Agreement which ended Case #1:18-cv-01007 before this Court provided that Plaintiff would timely receive payments (within 15 days of receipt by the Defendant) concerning the Roundup Settlements.

26.     The Plaintiff has not received such payments, and therefore the Defendants have knowingly and intentionally breached their Agreement with Plaintiff and defied the terms of the Settlement in order to aggrandize their own returns at the expense of Plaintiff.

27.     Since and to the extent that the payments have not been made as required, the Plaintiff has been injured and seeks compensation for said injury, particularly the payments diverted by the Defendants for their own use and enjoyment.

**COUNT II**
**FRAUD**

28.     Plaintiff incorporates by reference all of the preceding paragraphs as if set forth fully herein.

29.     The Settlement was executed by the parties on August 18, 2019, as a full and final resolution of the continuing disputes among them in several areas of litigation and Client fee disputes.

30.     On the day of the Settlement and at all times since the signing of the Settlement, the Defendants have represented to Plaintiff, Plaintiff's attorneys and the ARX (Settlement Administrator) of the Roundup cases that they intended to honor the Settlement.

31.     On 10/26/21, well after the first fee disbursements to Miller took place, Miller had not notified ARX of Plaintiff's interests in the Roundup settlement, and further assured ARX CEO Derek S. Brown that the Defendants would honor the Settlement with Banner.

32.     On 10/26/21 Mr. Brown wrote to Kelly Fox (assistant to Atty. S. James Boumil, representing Plaintiff as follows: "This is the first official notice we have received re: a lien on

7

the Miller attorney fees.  I contacted Pete and know his intention is to honor the payment. Best, Derek S. Brown, CFA ARX Management, LLC".

33.    On June 8, 2021, Banner, through its counsel wrote to the counsel for the Defendants noting that it had been discovered that the Defendants had caused a "UCC Statement" to be filed on record giving a first lien to a case financing lender.

34.    On 29 June, 2021 Miller wrote to Banner assuring Banner that the Settlement terms would be honored despite the UCC in favor of Miller's lenders. Miller unequivocally assured Banner:

> " We acknowledge that Banner will be entitled to $520,000 out of the MD's Round UP fees and we fully intend to fulfill these obligations to you under the Agreement. **We do not anticipate any difficulty satisfying the financial obligations to both Banner and our Lender**" (emphasis supplied).

35.    The statement quoted in the preceding paragraph was signed by Peter A. Miller, a Defendant herein and a partner in Miller DellaFera and intended by the Miller Defendants to induce the Plaintiff not to request Court intervention.

36.    In the face of litigation which would, as it now does, involve the settlement administrator for Roundup in order to secure the $520,000 owed to Plaintiff, the Defendants renewed their assurances of compliance with their agreement for the express purpose of inducing the Plaintiff from filing litigation and seeking an injunction.

37.    The Defendants made their representation of compliance knowing that they would not comply and intending that the Plaintiff rely upon those representations to its detriment and damage.

8

38.     After the Plaintiff partners reasonably relied upon the Defendants representations and changed their position by forbearing from filing the litigation they were prepared to file, the Defendants took advantage of that reliance to obtain the settlement money for themselves in violation of the Agreement. This is particularly true in relation to the Defendant Pete Miller, who apparently has removed significant money from the Defendant law firm and has threatened to move it "offshore" to evade his creditors, particularly the Plaintiff.

39.     As a result of the actions of the Defendants, the Plaintiff has suffered damage for which it is entitled to compensation.

## COUNT III
## BREACH OF FIDUCIARY DUTY

40.     Paragraphs 1-39 above are restated as if fully set forth herein.

41.     The Settlement Agreement imposes a duty of good faith and trust upon the Defendants. The Defendants were to receive the money from the Settlement Administrator, in escrow, presumably into their client's account, and then make disbursements in accordance with the Agreements pertaining to those received funds, one of which is the Settlement Agreement with Plaintiff.  So do the Rules of Professional Conduct for attorneys, as set forth above.

42.     Instead of honoring their duty to ethically and professionally handle the funds received to honor the Agreement and D.C. Cannons of Ethics, the Miller Defendants took the funds belonging not to them, but to the Plaintiff, and utilized the funds for their own enjoyment, aggrandizement, and nefarious purposes.

43.     The failure of the Defendants to hand over the funds belonging to the Plaintiff which came into the possession of the Defendants is a breach of fiduciary duty for which the

Defendants must be held to account, which breach of duty has caused monetary damage to the Plaintiff.

## COUNT IV
## CONVERSION

44.     Paragraphs 1 through 43 above are restated as if fully set forth herein.

45.     The Defendants have taken $520,000 of money which belongs to the Plaintiff and converted it to their own use and enjoyment, for which the Defendants must be held to account in conversion.

## COUNT V
## IMPOSITION OF CONSTRUCTIVE TRUST – DEREK BROWN/ ARX

46.     Paragraphs 1 through 45 above are restated as if fully set forth herein.

47.     Derek S. Brown, CFA, Founding Partner and CEO of ARX, 1730 East Holly Avenue El Segundo, CA 90245 is the Settlement Administrator for the Roundup cases, and therefore the party responsible for the disbursement of funds.

48.     ARX is joined for the sole purpose of securing the funds due to the Plaintiff from any further funds due to Defendants, and further to provide an accounting of the funds thus far disbursed to the Defendants as is required by the D.C. Cannons of Ethics.

49.     An accounting and further disbursement of the funds of from Roundup subject to its attorneys lien, directly to the Plaintiff was requested of Brown/ARX, but they refused claiming that the Defendants had assured them the Settlement Agreement would be complied with, and further claiming that the sole remedy of the Plaintiff was against the Defendants.

50.     Defendant Brown/ARX is an escrow agent of settlement funds bound under fiduciary responsibility to disburse funds to their rightful owner. They are on notice of the claim of Plaintiff, and the requirements of the applicable Cannons of Ethics.

51.     The relief against Brown/ARX requested is to enjoin Brown/ARX from disbursing further funds to Defendants unless and until the amount set aside for the Plaintiff reaches the sum of $520,000 plus such additional sum as may be allowed by this Court as damages.

52.     Further, Brown/ARX should be required to provide an accounting to Plaintiff of all funds thus far disbursed to the Defendants for any reason, involving the Roundup Settlement.

53.     A constructive trust should be imposed upon any settlement funds in the hands of settlement administrator Derek Brown/ARX. To the extent that such funds (a) would otherwise be paid to or on the account of the Miller Defendants and (b) to the extent that the aggregate amount paid to the Plaintiff does not exceed $520,000 plus such additional reasonable sum as may be required to offset the expenses of the Plaintiff for having to file this litigation, given the outrageous behavior of the Miller Defendants contrary to their obligations as fiduciaries, and contrary to their obligations under the D.C. Cannons of Ethics.

### COUNT VI
### CIVIL CONSPIRACY

54.     Paragraphs 1- 53 above are restated as if fully set forth herein.

55.     Defendant Miller and Defendant Miller DellaFera through some of its employees, knowingly and intentionally conspired to divert the Roundup settlement monies from its lawful

recipients and to the personal uses of Defendant Miller, all as above alleged, consisting of breach of contract, conversion, breach of fiduciary duty, and fraud.

56.    The purpose and intent of the conspiracy, which was furthered by the acts of Miller, was to take money that did not belong to him and to devote such funds to his personal aggrandizement and benefit, and to deprive its rightful owners of said money to their detriment, all to the great damage of Plaintiff.

## COUNT VII
## TRO & PRELIMINARY INJUNCTION

57.    Paragraphs 1 through 56 above are restated as if fully set forth herein.

58.    The Defendants Miller should be enjoined from receiving any further funds from the Roundup Settlement from Brown/ARX or any other person or entity until the sum of $520,000 plus such additional sum as this Court may assess is:

      a)    Turned over to the Plaintiff or

      b)    Held by the Court pending further orders on its proper disposition

59.    That Defendant Brown/ARX should be enjoined from turning over any additional sums to the Defendants directly or to anyone on behalf of the Defendants until the sum of $520,000 plus such additional sum as the Court may assess, has been disbursed to the Plaintiff or to the Court to be held pending further orders concerning its proper disposition.

60.    That in addition to the $520,000 provided in the Agreement that is due to the Plaintiff, that an additional $50,000 be withheld from the Defendants and tendered to the Court

pending a determination of any assessment of costs and fees in this case associated with damages under the Counts alleged, or such other additional sum as the Court may deem just and proper.

61.    That a temporary restraining ORDER issue as requested above pending a full hearing and that thereafter a preliminary injunction issue of the same tenor, with a permanent injunction after judgment enters, or as the circumstances shall warrant.

WHEREFORE THE PLAINTIFF RESPECTFULLY REQUESTS:

A.    That the TRO, preliminary Injunctions and Permanent Injunctions requested under Count VII issue;

B.    That under each and every Count, such damages as are just and proper and attributable to that Count be awarded, including reasonable attorneys' fees in each case;

C.    That exemplary damages and multiple damages enter where allowed by law under each Count;

D.    For such other relief as may be just and proper under the circumstances and facts as they are alleged above or as are proved at trial and allowed by applicable law, whether denominated to a particular Count or not.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury pursuant to the Federal Rules of Civil Procedure on all issues to triable.

Dated: 11/15/2021                     Respectfully submitted,

                                      /s/ *S. James Boumil, Esq.*

                                      S. James Boumil, Esq.
                                      Boumil Law Offices
                                      2 Elm Square, Suite 201A
                                      Andover, MA 01810
                                      Tel: 978-458-0507
                                      sjboumil@boumil-law.com


                                       /s/ *Jeremy C. Shafer*

                                      Jeremy C. Shafer, Esq.
                                      (DC Bar No. 1006578)
                                      Banner Legal
                                      445 Marine View Avenue, Suite 100
                                      Del Mar, CA 92014
                                      Tel: 760-479-5404
                                      jshafer@bannerlegal.com


                                      *Counsel for Plaintiff*

## **VERIFICATION OF COMPLAINT**

The undersigned certifies that he has read the foregoing, and to the extent that the Complaint alleges facts, that to his best knowledge, said facts are true.

Signed under the pains and penalties of perjury:

Dated: November 15, 2021

_____
Cary B. McDonald