IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLER LEGAL, LLP,<br>  d/b/a BANNER LEGAL,<br><br>  Plaintiff,<br><br>Vs.<br><br>PETER MILLER, ESQUIRE, et al.,<br><br>  Defendants. | Case No.: 1:21-cv-03028-RC |

**DECLARATION OF GEOFFREY T. HERVEY**
**REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER**

  DECLARANT, GEOFFREY T. HERVEY, UPON PERSONAL KNOWLEDGE AND UNDER THE PENALTY OF PERJURY, DECLARES AS FOLLOWS:

  1. My name is Geoffrey T. Hervey.  I have personal knowledge of and am competent to testify as to the matters contained in this Declaration.

  2. My law firm and I have been engaged to represent Defendants Peter Miller and Miller DellaFera in this action.

  3. I have been provided with a copy of the Declaration of attorney S. James Boumil, filed in this action on this date.

  4. Mr. Boumil's Declaration is not entirely accurate.

  5. At approximately 10:21 a.m. this morning, I sent Mr. Boumil an email message to clarify and confirm a discussion that I had had with him that morning.  My email to Mr. Boumil, in its entirety, said the following:

  Jim,

  As we discussed this morning, it is our understanding that Mr. Brown is holding $520,000 in connection with the Roundup cases and that the funds are in a

position such that they can be released quickly.  We further understand that he has agreed not to disburse those funds right now.

For Peter Miller and Miller DellaFera, we will agree to a temporary restraining order directing Mr. Brown to continue to hold the $520,000 and that he not disburse those funds to Mr. Miller or Miller DellaFera.   The duration of this hold is the same as for any TRO, that is, for approximately ten days, after which the hold can either be extended or a hearing on your motion for preliminary injunction can be scheduled.  You may make this representation to the Court.

In the interim, you and I should be able to resolve the dispute that has resulted in the $520,000 not being paid sooner to Banner Legal.  As we discussed, Banner (Cary) has not abided by the terms of the settlement agreement in that letters that were sent to the clients in connection with the IED cases reflected that Mr. Miller and Miller DellaFera would only receive 2% of the gross, as opposed to the 4% stated in the settlement agreement.  Mr. Miller informed me that Cary agreed orally (during a telephone discussion) to confirm the 4% arrangement, but we need that confirmation in writing.  Moreover, new letters will probably need to be sent to the IED clients reflecting the 4% fee payment, thus correcting the previous letters.  If we can reach a written agreement to that effect, which we should be able to do quickly, we can instruct Mr. Brown to release the Roundup funds to Banner.

6. A copy of this email is attached.

7. Mr. Boumil did not mention this email in his Declaration or include the substance

of it in his Declaration.

FURTHER DECLARANT SAYETH NAUGHT

I declare and affirm that the statements in the foregoing Declaration are true and correct.

_____/s/ Geoffrey T. Hervey_____         \_\_\_\_11/23/21_____
Geoffrey T. Hervey                                                        Date

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Counterclaim was filed electronically via the Court's ECF system on November 23, 2021 and was served electronically at that time on all counsel of record, all of whom are registered to receive filings via the Court's ECF system.

_____/s/ Geoffrey T. Hervey_____

| | |
|---|---|
| **Subject:** | Your request for relief |
| **Date:** | Tuesday, November 23, 2021 at 10:18:25 AM Eastern Standard Time |
| **From:** | Geoffrey Hervey |
| **To:** | J. Boumil |
| **Attachments:** | image001.png |

Jim,

As we discussed this morning, it is our understanding that Mr. Brown is holding $520,000 in connection with the Roundup cases and that the funds are in a position such that they can be released quickly. We further understand that he has agreed not to disburse those funds right now.

For Peter Miller and Miller DellaFera, we will agree to a temporary restraining order directing Mr. Brown to continue to hold the $520,000 and that he not disburse those funds to Mr. Miller or Miller DellaFera. The duration of this hold is the same as for any TRO, that is, for approximately ten days, after which the hold can either be extended or a hearing on your motion for preliminary injunction can be scheduled. You may make this representation to the Court.

In the interim, you and I should be able to resolve the dispute that has resulted in the $520,000 not being paid sooner to Banner Legal. As we discussed, Banner (Cary) has not abided by the terms of the settlement agreement in that letters that were sent to the clients in connection with the IED cases reflected that Mr. Miller and Miller DellaFera would only receive 2% of the gross, as opposed to the 4% stated in the settlement agreement. Mr. Miller informed me that Cary agreed orally (during a telephone discussion) to confirm the 4% arrangement, but we need that confirmation in writing. Moreover, new letters will probably need to be sent to the IED clients reflecting the 4% fee payment, thus correcting the previous letters. If we can reach a written agreement to that effect, which we should be able to do quickly, we can instruct Mr. Brown to release the Roundup funds to Banner.



Geoffrey T. Hervey
BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC
Suite 800 West
7315 Wisconsin Avenue
Bethesda, Maryland 20814
301-656-2707 phone
301-961-6525 fax
www.bregmanlaw.com
mailto: ghervey@bregmanlaw.com